**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| QUALITY BEVERAGE, LTD. | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| TEAMSTERS LOCAL UNION 170, | ) |
| INTERNATIONAL BROTHERHOOD | ) |
| OF TEAMSTERS | ) |
|  | ) |
| Defendant. | ) |

**COMPLAINT TO VACATE ARBITRATOR'S DECISION AND AWARD**

**Introduction**

The Plaintiff, Quality Beverage, Ltd. ("Company"), hereby requests this Court to vacate the part of the arbitration award (*see* Exhibit 1) by arbitrator Jay S. Siegel that found in favor of reinstating Michael Bigelow ("Grievant") to the Company's employ.[1] The Company chose to terminate the Grievant for dishonesty, which the collective bargaining agreement ("CBA") (*see* Exhibit 2) designates as a "serious offense" and grounds for immediate termination. In his award, the arbitrator found "sufficient evidence to conclude that substantial discipline [was] warranted in view of the nature of the incident and the fact that it violates the established dishonesty policy of the Company," but that there was "not sufficient 'just cause' to uphold the discharge." Exhibit 1, p. 8-9. The arbitrator's remedy is improper because his finding that there was sufficient evidence that the Grievant violated the Company's dishonesty policy should have matched the remedy outlined in the CBA, which includes the Company's right to immediately

---

[1] The award is dated January 13, 2021.

1

terminate.  Further, the CBA limits the arbitrator's discretion in making remedies because it prevents the arbitrator from attempting "to add to, subtract from, modify, change, alter, or ignore in any way, the provisions of this [CBA]."  Exhibit 2, p. 13-15.  In sum, the arbitrator found that the Grievant *did* violate the Company's dishonesty policy but then simultaneously chose to formulate his own, lesser remedy – despite the plain language of Article 21 of the CBA that grants the Company that remedial authority – which is a clear sign that the arbitrator exceeded his contractual authority.  Thus, because the arbitrator ignored the plain language of the CBA and added his own brand of industrial justice in making his remedy, the Company asks this Court to vacate the arbitrator's award.

**Jurisdiction**

1. This is a Complaint to vacate an arbitrator's decision and award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185.

2. The Plaintiff (the Company) is a Massachusetts corporation with a regular place of business in Taunton, County of Bristol, Commonwealth of Massachusetts, and an "employer" within the meaning of Section 2 of the National Labor Relations Act ("Act"), 29 U.S.C. §152.

3. The Defendant, Teamsters Local 170 ("Local 170" or "Union"), is a voluntary, unincorporated association whose office and place of business is in Worcester, in the County of Worcester, Massachusetts.  Local 170 is a labor organization within the meaning of §2 (5) of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §152, which represents certain employees of the Company with respect to their terms and conditions of employment.

4. This Court has jurisdiction of this matter pursuant to 29 U.S.C. §185, and 28 U.S.C. §1331 (federal question jurisdiction). Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b).

**Factual Background**

1. The Company is a family-run wholesale beer distributor that operates twenty-four hours a day, seven days a week, and services over 2,000 stores, bars, and restaurants. The Company is also the largest distributor of Anheuser-Busch products in New England. The Company has three distribution centers in Taunton, Auburn, and Chicopee.
2. Integrity, professionalism, and customer service are among the Company's chief values.
3. The Grievant was formerly a driver for the Company.
4. The Grievant was a member of the bargaining unit represented by the Union and was covered under the CBA from 2017-2022.
5. Following an investigation, the Company determined that the Grievant engaged in an act of dishonesty in selling the Company's equipment to one of the Company's customers for cash.
6. As stated by the arbitrator, the Company "terminated the Grievant on December 2nd for dishonesty, a recognized ground for termination." Exhibit 1, p. 2.
7. The Union subsequently filed a grievance protesting the discharge, which the Company denied.
8. The matter went to arbitration in March of 2020 but was delayed due to the Covid-19 global pandemic until it was rescheduled by the parties for September 10, 2020.

9. The question presented to the arbitrator by both the Company and the Union was: Did the Company terminate the Grievant, Michael Bigelow, without "just cause" on December 2, 2019? If not, what shall the remedy be?"

10. Under Article 21.1 of the CBA, the Company is under no obligation to provide warning notice to an employee before he is discharged or suspended for a "serious offense."

11. Under Article 21.2 of the CBA, there exists a non-exclusive and non-limited list of "serious offenses" which include: #4) Dishonesty and serious recklessness…#17) Job-related dishonesty.

12. This dishonesty policy is rooted in the Company's core belief that in order to manage its sprawling business operations, which center around the efficient transportation and distribution of alcoholic beverages, the Company *must* be able to trust its employees with its products and equipment.

13. In deciding the matter, the arbitrator found: "that there is sufficient evidence to conclude that substantial discipline is warranted in view of the nature of the incident and the fact that it violates the established dishonesty policy of the Company."  Exhibit 1, p. 8.

14. In his Award and Decision section, the arbitrator explained his remedy by stating: "I find there is not sufficient 'just cause' to uphold the discharge, but adequate to warrant substantial discipline."  Exhibit 1, p. 9.

**Count 1**

15. The Company hereby realleges the facts set forth in paragraphs 1-14 above as though fully set forth therein.

16. The arbitrator's Award is in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185, and Massachusetts General Law, G.L. c. 150C, sec. 11, in that:

a. By finding that the Grievant violated the Company's "established dishonesty policy," the arbitrator improperly created his own remedy for disciplining the Grievant, rather than abiding by the plain language of Article 21 of the CBA, which gives the Company the power to immediately terminate an employee for dishonesty, and as a result, the arbitrator's improper remedy amounts to the arbitrator exceeding his contractual authority under the CBA by attempting "to add to, subtract from, modify, change, alter, or ignore in any way, the provisions of this Agreement."

b. By ignoring the Company's remedial authority to handle employee dishonesty as clearly laid out in Article 21 of the CBA, the arbitrator exceeded his authority and replaced the plain meaning of the contract with his own brand of industrial justice.

**WHEREFORE**, Plaintiff requests this Court to VACATE the arbitrator's award and award any other relief the Court deems just.

        Respectfully Submitted,
        The Plaintiff,
        Quality Beverage LTD,
        By its Attorneys,

        /s/ Kier Wachterhauser, Esq.
        Kier Wachterhauser, Esq. (BBO # 681772)
        kwachterhauser@mhtl.com
        Brendan M. Collins, Esq. (Pending)
        bcollins@mhtl.com
        Arthur Murphy, Esq. (BBO #362020)
        amurphy@mhtl.com
        Murphy, Hesse, Toomey & Lehane, LLP
        300 Crown Colony Drive, Suite 410
        Quincy, MA 02169
        Telephone: (617) 479-5000
Dated: February 3, 2021        Facsimile: (617) 479-6469

1248284.v1